NO. 07-00-0297-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 6, 2001



______________________________




RICE FOOD MARKETS, INC.,


D/B/A PRICEBUSTER FOODS, APPELLANT



V.



DOROTHY T. RAMIREZ, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF HARRIS COUNTY;



NO. 669983; HONORABLE ED LANDRY, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

OPINION ON MOTIONS FOR REHEARING,


MOTION FOR RECONSIDERATION EN BANC AND REMITTITUR


 Appellant and appellee have filed motions for rehearing. Appellee has also filed a
motion for reconsideration en banc and a remittitur of the amount suggested in our original
opinion. We overrule the motions for rehearing and deny appellee's motion for
reconsideration en banc. In consideration of appellee's remittitur, and in accordance with
our original opinion, we reform the trial court's judgment to reflect that appellee recover
judgment against appellant for the amount of $30,600 actual damages and $1,000 punitive
damages. TRAP 46.3. As reformed, the trial court judgment is affirmed. TRAP 43.2(b).


 Phil Johnson

 Justice




Publish.



ed not true to the allegation that she
violated her probation by committing the criminal offense of escape, but pled true to the
nine remaining violations. At the conclusion of the hearing, the trial court found appellant
had violated conditions of her community supervision and entered a judgment revoking her
probation. The court ordered appellant serve the seven year sentence imposed upon her
conviction. Appellant timely filed notice of appeal and the trial court appointed appellate
counsel.

 Counsel for appellant has filed a motion to withdraw and a brief in support pursuant
to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in
which she certifies that she has searched the record and, in her professional opinion, under
the controlling authorities and facts of this case, there is no reversible error or legitimate
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. Counsel has discussed why, under the controlling
authorities, there are no arguably reversible errors in the trial court proceeding or judgment.
See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has certified that a copy of the Anders brief and motion to withdraw have
been served on appellant, and that counsel has appropriately advised appellant of her right
to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.-Waco 1994, pet. ref'd). By letter, this court also notified appellant of her
opportunity to submit a response to the Anders brief and motion to withdraw filed by her
counsel. Appellant has not filed a response. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on a motion to withdraw until we have independently examined the record. Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court determines
the appeal has merit, we will remand it to the trial court for appointment of new counsel. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

 In her brief, counsel identifies legal sufficiency of the evidence to support the trial
court's determination that appellant violated the terms and conditions of her community
supervision as the sole potential issue on appeal. She then details the evidence presented
by the State, concluding it was sufficient. Appellate review of a revocation order is limited
to determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). The trial court abuses its discretion in revoking community supervision if the State
fails to meet its burden of proof. Cardona, 665 S.W.2d at 493-94. In a revocation
proceeding, the burden on the State is to prove, by a preponderance of the evidence, that
appellant violated a condition of community supervision as alleged in the motion to revoke. 
Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). When the State's motion
alleges more than one violation, proof of any one violation will support revocation. Moses
v. State, 590 S.W.2d 469, 470 (Tex.Crim.App.1979). A defendant's plea of true to an
alleged violation, standing alone, is sufficient to support the revocation. Id. Appellant pled
that nine of the ten violations alleged in the State's motion to revoke were true. 

 Our review of counsel's brief and the record convinces us that appellate counsel
conducted a thorough review of the record. We have also made an independent
examination of the entire record to determine whether there are any arguable grounds
which might support the appeal. We agree with counsel that there are no meritorious
grounds for review.

 Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of
the trial court.


 James T. Campbell

 Justice






Do not publish.